**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| MON VIEW MINING COMPANY, | ) | Bankruptcy No. 05-50219-JAD |
| Debtor. | ) | Chapter 11 |
| | ) | Adversary No. 12-02068-JAD |
| | | |
| PENNSYLVANIA DEPARTMENT | ) | |
| of REVENUE, | ) | |
| Appellant, | ) | Civil Action No. 12-1578 |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MON VIEW MINING COMPANY, | ) | |
| Appellee. | ) | |

**ORDER**

Before this Court is Appellant Pennsylvania Department of Revenue's motion for leave

to appeal from the Bankruptcy Court's order denying its motion for judgment on the pleadings.[1]

(Doc. 1).  As Appellant correctly argues, in this Circuit, orders denying such motions  are

considered "final" under the meaning of the term in 28 U.S.C. § 158, and are appealable as of

right.[2]  See In re Brown, 916 F.2d 120, 122-24 (1990); see also In re Christian, 804 F.2d 46, 48

(3d Cir. 1986); but see In re American Capital Equip., LLC, 296 F. App'x 270, 275-80 (3d Cir.

2008) (Jordan, J., concurring in judgment) (attacking the logic of the holdings of Brown and

Christian, but conceding that the courts of the Third Circuit are constrained by it unless and until

these cases are revisited).  Accordingly, this motion will be granted.

---

[1] The period of time for Appellee's response to this motion lapsed on October 24, 2012.  Id. at 58; (Doc. 1-13 at 1-2); Fed. R. Bankr. P. 8003(a).

[2] Strictly speaking, the case law of the Third Circuit recognizes that orders denying motions to dismiss are final in the context of bankruptcy law.  However, given that motions for judgment on the pleadings are subject to essentially the same standard, the logic governing one would apply to the other.

However, in spite of the fact that it was accompanied by a notice of appeal, Appellant's motion will not be treated as a brief in support of its appeal.  Instead, this lengthy 58-page filing, which invokes Rule 8003 of the Federal Rules of Bankruptcy Procedure, and explicitly is labeled as a "motion for leave to appeal" in its title, leaves no room for any ambiguity as to what role Appellant means for it to play in these proceedings.  As such, both parties will be given an opportunity to brief their positions with respect to this appeal, as per the applicable Rules.

Accordingly, the following order is entered.

AND NOW, this 26th day of November, 2012,

IT IS HEREBY ORDERED that Appellant's motion for leave to appeal (Doc. 1) is GRANTED.

IT IS FURTHER ORDERED that the parties' briefs shall conform to the applicable Federal Rules of Bankruptcy Procedure.  See Fed. R. Bankr. P. 8001, et seq.  Filings that do not conform to these Rules – including deadlines and form and length requirements – will be stricken.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

2